UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRAVIS ROSE,<br>        Plaintiff,<br><br>    v.<br><br>MOST REVEREND JOHN J. MYERS, et al.,<br>        Defendants. | No. 3:13cv419 (MPS) |

## ORDER ON MOTION TO DISMISS

Plaintiff, Travis Rose, filed suit against various administrators of Seton Hall University and the sixteen members of Seton Hall's Board of Trustees (collectively "Defendants"). Plaintiff's claims arise out of his involvement in and dismissal from a joint physician's assistant program between Seton Hall University and the University of Medicine and Dentistry of New Jersey. Defendants have moved to dismiss the Amended Complaint on two grounds: first, that this Court lacks personal jurisdiction over Defendants, and second, that the District of Connecticut is an improper venue. [*See* doc. # 15]. Because I find that this is an improper venue, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part, and the Clerk is directed to transfer this case to the United States District Court for the District of New Jersey, the proper venue under 28 U.S.C. § 1391(b).

As a preliminary note, although Defendants have moved to dismiss the Amended Complaint on both personal jurisdiction and venue grounds, the Court is permitted to consider venue before personal jurisdiction, *Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979), and has the authority to transfer venue even if it lacks personal jurisdiction over the defendant, *Open Solutions Imaging Sys., Inc. v. Horn*, 3:03-cv-2077, 2004 WL 1683158, *7 n.12 (D. Conn. July 27, 2004) (citing *Fort Knox Music, Inc. v. Baptiste*, 257 F.3d 108, 111-12 (2d Cir. 2001)).

The question of personal jurisdiction in this case is considerably more difficult than the question of venue. Accordingly, the Court will consider Defendants' venue argument first.

Defendants argue that this district is an improper venue under 28 U.S.C. § 1391(b). That section provides that a federal civil action can be commenced in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). Plaintiff bears the burden of demonstrating that venue is proper by showing that at least one of these three conditions is met. *Open Solutions*, 2004 WL 1683158 at *4 (explaining that, although there is no Second Circuit precedent on this issue, imposing the burden on the plaintiff is the "better view" and is consistent with Second Circuit precedent with respect to showing proper jurisdiction under Rule 12(b)(2)).

Here, even construing Plaintiff's *pro se* complaint liberally, *Gyadu v. Hartford Ins. Co.*, 283 F. Supp. 2d 740, 744 (D. Conn. 2003), I find that Plaintiff has failed to satisfy the venue requirements in § 1391(b). None of the Defendants resides in Connecticut, thus making § 1391(b)(1) inapplicable. (*See* Am. Compl. [doc. # 6] at 1 (alleging that Defendants are citizens of Newark, New Jersey).) Moreover, with respect to § 1391(b)(2), Plaintiff does not claim that *any* of the events giving rise to his claim occurred in Connecticut. The claims arise out of his participation in program at Seton Hall University and the University of Medicine and Dentistry of New Jersey, both of which are located in New Jersey. Specifically, the Amended Complaint alleges that Defendants committed fraud by wrongfully calculating his grade point average,

2

altering his transcripts, and wrongfully terminating Plaintiff from the Physician Assistant Program.[1]  (*See id.* at 2.)  Indeed, the only allegation related to this venue in the Amended Complaint—or in any of Plaintiff's other submissions—is Plaintiff's statement that he is a citizen of Connecticut.  (*Id.* at 1.)  Like § 1391(b)(1), § 1391(b)(2) is therefore inapplicable.  Finally, with respect to § 1391(b)(3), Plaintiff does not contend that there is no district in which this action may otherwise be brought, nor could he, as the allegations make clear that the District of New Jersey would be the proper venue here.  Because Plaintiff has failed to show that this case meets any of the three conditions in 28 U.S.C. § 1391(b), I find that venue is improper.

Defendants argue that, because this case was filed in the wrong venue, the Court should dismiss the Amended Complaint altogether.  Section 1406(a) states that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."  *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).  Given Plaintiff's *pro se* status and apparent lack of familiarity with venue rules, and because Defendants have not yet sought to dismiss Plaintiff's claims on any substantive grounds,

---

[1] In a later section, entitled "Waiver to Statute of Limitations," the Amended Complaint confusingly refers to "prison officials placing him in confinement as a disciplinary measure after he had allegedly struck co-worker on the head-ear region with his fist following a verbal altercation."  (Am. Compl. [doc. # 6] at 5.)  This series of events is later connected to an individual "acting on behalf of Seton Hall University," and thus appears to be related to the other events that occurred at Seton Hall.  In addition, this unclear set of allegations makes no connection to Connecticut, and in fact refers to a complaint filed in "Fort Dix, New Jersey magistrate court."  (*Id.*)

I find that the interests of justice weigh in favor of transfer to the United States District Court of New Jersey rather than outright dismissal.[2]

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED in part and DENIED part.  In addition, Plaintiff's Motion to Amend the Complaint [doc. # 19] and Plaintiff's Motion to Amend Document [doc. # 24] are DENIED as futile.[3]  Plaintiff's Motion for Extension of Time [doc. # 23] and Motion for Appointment of Counsel [doc. # 26] are DENIED as moot.  The Clerk is directed to transfer this case to the District of New Jersey.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:      Hartford, Connecticut
            November 18, 2013

---

[2] Having exercised my discretion to transfer the case on venue grounds, and because Defendants concede that personal jurisdiction lies in the District of New Jersey, I need not reach the question whether this Court has personal jurisdiction over the Defendants.

[3] Although the Court "should freely give leave [to amend a complaint] when justice so requires" under Rule 15, Fed. R. Civ. P. 15(a)(2), "leave will be denied if the amendment would be futile." *Vale v. City of New Haven Police Dep't*, No. 3:11-cv-00632, 2013 U.S. Dist. LEXIS 143567, *2 (D. Conn. Oct. 4, 2013).  "An amendment is futile if the proposed new claim would not survive a motion to dismiss." *Riddick v. Chevalier*, No. 3:11-cv-1555, 2013 U.S. Dist. LEXIS 128008, *11 (D. Conn. Sept. 9, 2013).  Plaintiff's proposed amended complaint [doc. # 19-1] does not allege any facts that cure the venue problem, and thus would not survive a motion to dismiss.  Plaintiff's October 1, 2013 motion to amend is somewhat ambiguous in that it does not state specifically which document Plaintiff seeks to amend.  [*See* doc. # 24].   It does, however, request leave to amend a "document file [sic] on 2013 SEP 16." [*See id.*]  Because there was no complaint filed on that date, I find that the motion does not seek leave to amend the operative complaint.  In any event, Plaintiff's opposition to the Motion to Dismiss, which was filed the same day [*see* doc. # 25], does not even attempt to rebut Defendants' argument that the events giving rise to Plaintiff's claim occurred in New Jersey.  Accordingly, I find that any amendment would be futile.